J-S53020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN L. GANS :
:
Appellant : No. 3517 EDA 2017

Appeal from the PCRA Order September 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0216041-1974

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.: **FILED MARCH 20, 2019**

Kevin L. Gans appeals from the order entered September 12, 2017, in the Philadelphia County Court of Common Pleas dismissing, as untimely filed, his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Gans seeks relief from the judgment of sentence of an aggregate term of life imprisonment, imposed March 24, 1975, following his jury conviction of first-degree murder, and related charges, for the stabbing death of Donald Charles. On appeal, Gans argues the PCRA court erred in denying his petition as untimely without first conducting a hearing on his invocation of the newly discovered facts exception to the PCRA's time-for-filing requirement. For the reasons below, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. §§ 9541-9546.

The facts underlying Gans' offense and the procedural history since his October, 1974, conviction are well-known to the parties and need not be recited herein. In summary, Gans was 18 years old (d.o.b. 3/17/1955) when he murdered the victim on January 30, 1974. His conviction has been upheld on direct appeal and in numerous collateral attacks. *See Commonwealth v. Gans*, 631 A.2d 1367 (Pa. Super. 1993) (unpublished memorandum at 1-4), *appeal denied*, 641 A.2d 583 (Pa. 1994). Most recently, on March 15, 2016, Gans filed the instant PCRA petition, *pro se*, seeking relief from his sentence of life imprisonment pursuant to the United States Supreme Court's decisions in *Miller v. Alabama* 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016),[2] and asserting his claim satisfied the newly-recognized constitutional right exception to the PCRA's time-for-filing requirements set forth in 42 Pa.C.S. § 9545(b)(1)(iii). *See* Motion for Post Conviction Relief, 3/15/2016, at 3. He filed an amended petition on November 15, 2016.

On July 24, 2017, the PCRA court sent Gans notice of its intent to dismiss the petition as untimely filed without first conducting an evidentiary hearing

---

[2] In *Miller*, the Supreme Court held "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, *supra*, 567 U.S. at 465 (emphasis supplied). Subsequently, in *Montgomery*, the Court found its decision in *Miller* constituted a new substantive rule that must be applied retroactively to cases on collateral review. *Montgomery*, *supra*, ___ U.S. at ___, 136 S.Ct. at 736.

pursuant to Pa.R.Crim.P. 907. The court emphasized that Gans' sentence was "outside the reach of the Supreme Court's *Miller* decision" because Gans was "over the age of eighteen at the time of the offense." Notice Pursuant to Pennsylvania Rule of Criminal Procdure 907, 7/24/2017. Gans filed a timely *pro se* reply, asserting (1) the court erred in rejecting his claim for relief which relied upon "the new discovered evidence, via, newly recognized Constitutional issue[;]" and (2) the court's denial of relief was based upon a "fabrication" that Gans was "over the age of eighteen during the offense." Reply to the Court's Notice of Dismissal to the Motion for Post Conviction Collateral Relief, 8/7/2017, at ¶¶ 4, 9. On September 12, 2017, the PCRA court dismissed Gans' petition as untimely. Gans filed a notice of appeal on October 13, 2017.[3]

Although Gans purports to raise three issues on appeal, all three claims are interrelated. Gans contends the PCRA court erred when it denied his petition as untimely without first conducting an evidentiary hearing. He argues his petition meets the newly discovered facts exception to the timing

_____

[3] At first glance, it appears Gans' notice of appeal was untimely filed. However, while the PCRA court entered the order dismissing the petition on September 12, 2017, the docket reveals the order was not sent to Gans until September 13, 2017. *See* Pa.R.A.P. 108(a)(1). Accordingly, Gans had until October 13, 2017, to file a timely notice of appeal. *See* Pa.R.A.P. 903(a). The envelope, which contained Gans' notice of appeal, is time-stamped October 13, 2017. Therefore, pursuant to the prisoner mailbox rule, Gans' notice of appeal was timely filed. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (notice of appeal filed by incarcerated defendant proceeding *pro se* "is deemed filed when placed in the hand of prison authorities for mailing.").

requirements because new evidence reveals "the brain does not develop until the age of twenty five according to brain scientists." Gans' Brief at 11. Therefore, Gans maintains the relief provided by *Miller* and *Montgomery* to defendants who are under the age of 18 at the time they commit murder should be extended to "individuals aged above eighteen." *Id.* at 7. Gans details his own school and psychological records, which he insists demonstrate his mental shortcomings at the time of the crime. *See id.* at 8-9. He also insists the PCRA court "used falsified statements" to dismiss his petition. *Id.* at 11. In particular, he notes the court stated in the July 24, 2017, dismissal order that Gans was "over the age of eighteen at the time of the offense," which placed his sentence "outside the reach" of *Miller*, when, in fact, he was 18 years, and 10 months' old at the time of the stabbing. *Id.*

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." *Commonwealth v. duPont*, 860 A.2d 525, 530 (Pa. Super. 2004) (citation omitted), *appeal denied*, 889 A.2d 87 (Pa. 2005), *cert. denied*, 547 U.S. 1129 (2006).

Here, the PCRA court concluded Gans' petition was untimely filed, and Gans failed to establish the applicability of one of the time-for-filing exceptions. *See* PCRA Court Opinion, 9/12/2017, at 1.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id****.*

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Here, it is evident Gans' petition was untimely filed. His judgment of sentence was affirmed by the Pennsylvania Supreme Court on March 17, 1976, and he did not petition the United States Supreme Court for a writ of *certiorari*. ***See*** ***Commonwealth v. Gans***, 353 A.2d 427 (Pa. 1976).

Nevertheless, an untimely petition may still be considered if "the petition alleges and the petitioner proves" one of the following three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  It is well-settled that:

[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Beasley***, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999); ***see also*** Pa.R.A.P. Rule 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).  Additionally, the PCRA mandates that any petition invoking an exception to the time bar requirement be filed within 60 days of the date the claim could have been presented. ***See*** 42 Pa. Cons.Stat. Ann. § 9545(b)(2).

***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008).

In his PCRA petition, Gans invoked the newly recognized constitutional right timeliness exception codified at Section 9545(b)(1)(iii).  ***See*** Motion for Post Conviction Relief, 3/15/2016, at 3.  Gans argued the Supreme Court's rulings in ***Miller*** and ***Montgomery*** entitled him to relief from his sentence of life imprisonment without parole, and that he filed his petition within 60 days of the ***Montgomery*** decision.  The PCRA court, however, correctly determined Gans' sentence was "outside the reach" of ***Miller*** because Gans was over the age of 18 when he committed the offense.  Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 7/24/2017.  Indeed, an *en banc* panel of this Court recently confirmed that ***Miller*** applies only to those who were **under the age of 18** at the time they committed the offense, and that "age is the sole factor in determining whether ***Miller*** applies to overcome the PCRA time-

bar[.]" ***Commonwealth v. Lee***, ____ A.3d ____, ____, 2019 PA Super 64 *9 (Pa. Super. March 1, 2019) (*en banc*). The fact that Gans was 18 years, and 10 months old is of no moment; the defendant in ***Lee*** was 18 years and nine months old when she served as a lookout during an attempted robbery that ended in murder. ***See id.*** at ____, 2019 PA Super 64 at *2. Therefore, the newly recognized constitutional right exception provides Gans with no relief.

Although Gans raised only the newly-recognized constitutional right exception in his PCRA petition, on appeal, he argues he is entitled to relief pursuant to the newly discovered facts exception set forth in Section 9545(b)(ii). ***See*** Gans' Brief at 10-11. As noted earlier, he contends "he uncovered newly discovered evidence that the brain does not develop until the age of twenty five according to brain scientists[,]" and this research "did not exist at the time of [his] arrest." ***Id.*** at 8, 11. This argument, too, fails.

Preliminarily, we note "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." ***Burton***, ***supra***, 936 A.2d at 535 (citation omitted). However, to the extent Gans raised this exception in his response to the PCRA court's Rule 907 notice of intent to dismiss, we will consider his claim.[4]

_____

[4] In his Rule 907 response, Gans stated "[t]he court erred in rejecting [his] request for Post Conviciton Relief Act, which relied on the new discovered evidence, via, newly recognized Constitutional issue." Reply to the Court's Notice of Dismissal to the Motion for Post Conviction Collateral Relief, 8/7/2017, at ¶¶ 4. Because Gans is proceeding *pro se*, we will construe this response as invoking the exception set forth in Section 9545(b)(1)(ii).

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Fennell***, 180 A.3d 778, 782 (Pa. Super. 2018) (*en banc*) (citation omitted), *appeal denied*, 192 A.3d 1111 (Pa. 2018). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Robinson***, 185 A.3d 1055, 1063 (Pa. Super. 2018) (*en banc*) (citation omitted), *appeal denied*, 192 A.3d 1105 (Pa. 2018).

> ***A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.*** Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Fennell***, 180 A.3d at 782 (emphasis in original).

Here, although Gans asserts his claim is based upon newly discovered evidence by "brain scientists," he does not explain how or when he learned of this new information. Gans' Brief at 11. He cites to the ***Miller*** decision, which was filed in 2012, as well as the Supreme Court's decision in ***Graham v. Florida***, 560 U.S. 48 (2010), and a decision by an Illinois Appellate Court, ***People v. House***, 72 N.E. 3d 357 (Ill. Ct. App. 2015),[5] all of which were filed more than 60 days before his PCRA petition.

_____

[5] We note, too, the Illinois Supreme Court later vacated the judgment in ***House***, and directed the appellate court to reconsider the appeal in light of a

Accordingly, we agree with the PCRA court that Gans' petition was untimely filed, and Gans did not prove the applicability of any of the time for filing exceptions.

Order affirmed.

Judge Platt did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/19

---

subsequent ruling regarding the proportionality clause of the Illinois Constitution. *See People v. House*, 111 N.E.3d 940 (Ill. 2018).